Sneed, J.,
delivered tlie opinion of the -court:
The question presented in this case is whether the recorder of the city of Memphis, who is by the terms of the city charter ex officio a justice of the peace, is entitled to the fees of a justice for services rendered in that capacity. The solution of the question depends mainly upon the construction of the fiftieth section of the city charter, which is in the words following:
“Sec. 50. Be it further enacted, That all necessary civil *722 ajicl criminal jurisdiction, for tire enforcement of tlie laws and ordinances passed by the general council, shall be, and the same are hereby, conferred upon the recorder of said city, who shall have porver to hear and determine all cases that shall arise under the charter and ordinances of such cities, and who shall be ex officio a justice of the peace, but shall receive no compensation except as fixed by ordinance.’’ Act 1875, ch. 92, sec. 50.
The ordinance of the city fixes the salary of the recorder at $50 per month, without perquisites from any source. The question is, does the restriction of the charter refer only to the compensation of the- recorder as such, or does it embrace also the compensation that attaches by law to the office of justice of the peace? The question at first blush would seem not free from difficulty, but o-ur investigations have brought us to the conclusion that the restriction relates to the compensation of this officer as a recorder alone, and no-t as a justice of the peace. For the purposes of this case, we must assume that he is lawfully a justice of the peace. The fees and perquisites of this office are fixed by general laws, and no special legislation conld diminish then without infringing the spirit of the pro-vision of the organic law, which inhibits special legislation. [Const., art. 11, sec. 8.]
The office of justice of the peace- is not one of those places of trust or profit contemplated by that clause of the constitution [art. 2, sec. 26] which forbids one person at the same time to hold two offices. The general provision is that the office is elective by the people, but under the last clause of the fifteenth section of the sixth article- of our state constitution, the legislature may provide for the appointment of justices of the peace in incorporated towns. But we are not called upon to decide the question in this collateral proceeding as' to the relatoris right to the office of justice of the peace. The legislation of the state has treated recorders of the cities, where the duties of the *723 justice of tibe peace axe superadded to those of recorder, as not only entitled- to all the perquisites of bis ex officio functions, but also to a commission from the governor for bis term of office. Act 1857 [Private Acts 1857-58], cb. 50, sec. 19.
It is insisted whatever fines, forfeitures, etc., shall come into the hands of the recorder in the exercise of his official functions as justice of the peace, it is his duty to pay into the treasury of the city. There can be no- authority for this assumption. The recorder is a justice of the peace or not a justice of the peace, and if a justice there are certain important official functions which he has.to perform for the state and the people that are foreign to his official functions of recorder, and for which the city cannot lawfully compensate him, for the very sufficient reason that these duties and services do not fall within the category of corporation purposes. The city has a right to compensate him for his services in executing and enforcing the ordinances for the municipal government, but where does the city find authority for compensating him for his services in the trial of an offense against the laws of the state, or of a civil action at law between two citizens? In the tidal of a public offender against the state laws, his powers and functions as recorder can give him no aid. He is compelled by law to proceed just as any other justice of the peace does. If, then, the city government has no power to pay for services not rendered to the city, but to the state, how can the proposition be maintained that this salary, to come out of the city treasury, is to cover the services of both offices? We think the proposition refutes itself.
Affirm the judgment.